# EXHIBIT A

# STATE COURT OF DEKALB COUNTY
## GEORGIA, DEKALB COUNTY
### SUMMONS

No. 15A58199-6

Date Summons Issued and Filed
12/24/15

S. Bryan
Deputy Clerk

Deposit Paid $ 222.00

[ ] ANSWER
[ ] JURY

JAMES GILES and FREDERICK LUSTER
c/o Attorney (see below)
(Plaintiff's name and address)

vs.

DISH NETWORK, LLC c/o Registered Agent:
Corporation Service Company, 40 Technology Pkwy South, ste. 300
Ben Hill, Norcross, GA 30092
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

James M. Feagle
(Name)
Skaar & Feagle, LLP, 2374 Main Street, Suite B, Tucker, GA 30084
(Address)
(404) 373-1970                    256916
(Phone Number)                    (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney _____

Third Party Attorney _____

Address _____

Address _____

Phone No. _____ Georgia Bar No. _____

Phone No. _____ Georgia Bar No. _____

### TYPE OF SUIT

☐ Account            ☐ Personal Injury          Principal   $ _____
☐ Contract           ☐ Medical Malpractice
☐ Note               ☐ Legal Malpractice        Interest    $ _____
☐ Trover             ☐ Product Liability
                     ☐ Other                    Atty Fees   $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JAMES GILES and
FREDERICK LUSTER,

    Plaintiffs,

v.

DISH NETWORK, LLC,

    Defendant.

CIVIL ACTION FILE

NO. 15A58199-6

**Jury Trial Demanded**

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Telephone Consumer Protection Act [TCPA], 47 § U.S.C. § 227, 47 CFR § 64.1200, and the regulations promulgated thereunder.

### PARTIES AND PERSONAL JURISDICTION

2. Plaintiff JAMES GILES [hereinafter referred to as "GILES"] is a resident of Douglas County, Georgia and is authorized by law to bring this action.

3. Plaintiff FREDERICK LUSTER [hereinafter referred to as "LUSTER"] is a resident of DeKalb County, Georgia and is authorized by law to bring this action.

4. Defendant DISH NETWORK, LLC is a limited liability company organized under the laws of the state of Colorado [hereinafter referred to as "DISH"].

5. DISH transacts business in DeKalb County, Georgia.

6. Some of DISH's transactions in DeKalb County, Georgia give rise to Plaintiffs' causes of action.

7. DISH is in the business of providing satellite television throughout the United States, including throughout the state of Georgia and in DeKalb County.

8. In the course of its business, DISH directed telephone calls to Plaintiff Luster's cellular telephone numbers in DeKalb County, Georgia.

9. The telephone calls to Plaintiffs' cellular telephone numbers give rise to Plaintiffs' claims.

10. DISH is subject to the jurisdiction and venue of this Court.

11. DISH may be served by personal service upon its registered agent Corporation Service Company, at its registered office located at: 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

12. Alternately, DISH may be served by personal service upon its appropriate officers and/or agents at its principal place of business located at: 9601 South Meridian Boulevard, Englewood, CO 80112.

## FACTS COMMON TO ALL CAUSES

13. Plaintiff GILES is, and has been for in excess of four years, the sole user of the subscribed cellular telephone number (678) 517-7336.

14. Plaintiff LUSTER is, and has been for in excess of four years, the sole user of the subscribed cellular telephone number (404) 379-1970.

15. In the four years preceding the filing of this action, DISH, and/or others acting on its behalf, have made or initiated numerous telephone calls to consumers' cellular telephone numbers, including for the collection of unpaid balances and telemarketing.

16. DISH has initiated telephone calls to telephone number (678) 517-7336.

17. DISH has initiated telephone calls to telephone number (404) 379-1970.

18. All of the telephone calls were made or initiated using a predictive dialer.

19. Defendant initiated telephone calls to Plaintiff's cellular telephone number.

20. The telephone calls to Plaintiff's cellular telephone number were initiated using Defendant's contact center software.

21. Defendant's contact center software stores telephone numbers.

22. Defendant's contact center software, when p[aired with its telephony hardware, dials from a database of stored telephone numbers either at random or in some sequence set by algorithm.

23. Defendant's contact center software has the capacity to dial from a list of telephone numbers without human intervention.

24. Defendant's telephone calls to Plaintiff were initiated using an automatic telephone dialing system.

25. On or about June 18, 2014, GILES spoke with a representative from DISH and was informed by the representative that according to DISH's records his cellular telephone number was associated with an account belonging to someone by the name of "Alfredo."

26. Plaintiff Giles informed the representative that no one by that name could be reached at the number dialed, nor did he know anyone by that name, and as a result, the representative agreed to remove the number from the file and confirmed that the number was removed.

27. Subsequent to DISH being informed that telephone number (678) 517-7336 did not belong to "Alfredo" and confirming to GILES that the number would be removed from the file, Plaintiff GILES continued to receive automated calls to his cellular telephone from DISH.

28. In some of the telephone calls made or initiated to GILES' cellular telephone, the caller left a prerecorded and/or artificial voice message, as follows:

> "Hello, this is an important message from DISH for 'Alfredo Martinez.' Please call DISH at 1-888-337-DISH for important information regarding your account. Again, our number is 1-888-337-3474. Thank you for choosing DISH Network."

29. In some of the telephone calls made or initiated to LUSTER's cellular telephone, DISH left an almost identical prerecorded and/or artificial voice message as follows:

> "Hello, this is an important message from DISH for 'James Holmes.' Please call DISH at 1-866-263-1911 for important information regarding your account. Again, our number is 1-866-263-1911. Thank you for choosing DISH Network."

30. James Holmes is not the subscriber or user of cellular telephone number (404) 379-1970.

31. LUSTER does not personally know any person named James Holmes nor has he authorized calls for James Holmes on his cellular telephone number.

32. The use of either an artificial or prerecorded voice to deliver a message alone constitutes a violation of the TCPA; In addition, the use of artificial and prerecorded voices further evidences the use of a predictive dialer or automatic telephone dialing system as the primary purpose of an artificial or

prerecorded voice is to deliver a message without human intervention.

33. Neither DISH, nor anyone acting on its behalf, had the prior express consent of Plaintiffs to make or initiate any telephone calls to their cellular telephone numbers.

34. Neither DISH, nor anyone acting on its behalf, had the prior express consent of either Plaintiffs to make or initiate telephone calls to their cellular telephone numbers using an artificial or prerecorded voice to deliver a message.

35. When obtaining its dialing software or hardware, DISH would have been provided information by the manufacturer or vendor regarding cellular telephone "flagging" or "scrubbing" and TCPA compliance.

36. DISH knew about the TCPA and its obligations thereunder prior to making the calls to Plaintiffs.

37. The telephone calls to Plaintiffs' cellular telephone numbers were knowingly made or initiated using an automatic telephone dialing system.

38. The telephone calls to Plaintiffs' cellular telephone numbers were willfully made or initiated using an automatic telephone dialing system.

39. The telephone calls to Plaintiffs' cellular telephone numbers which used an artificial or prerecorded voice to deliver a message were knowingly made or

initiated.

40. The telephone calls to Plaintiffs' cellular telephone numbers which used an artificial or prerecorded voice to deliver a message were willfully made or initiated.

41. It was the intent of DISH to initiate the telephone calls to the cellular telephone numbers at issue.

42. The telephone calls to Plaintiffs' cellular telephone numbers were not initiated by accident or mistake.

43. The telephone calls were inconvenient to Plaintiffs.

44. The telephone calls were annoying and a nuisance to Plaintiffs.

45. The telephone calls invaded the privacy interests of Plaintiffs that the TCPA was intended to protect.

46. The telephone calls temporarily occupied Plaintiffs' cellular telephone lines preventing their use for other calls.

47. Defendant's telephone calls to Plaintiffs violated the Telephone Consumer Protection Act.

48. Defendant's telephone calls knowingly and willfully violated the Telephone Consumer Protection Act.

49. Plaintiffs have complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT I: TELEPHONE CONSUMER PROTECTION ACT – USE OF AUTOMATIC TELEPHONE DIALING SYSTEM

50. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

51. Defendant made or initiated telephone calls to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system.

52. Defendant's violations of the TCPA include, but are not limited to, the following:

53. Making and/or initiating a telephone call using an automatic telephone dialing system to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

54. As a result of Defendant's actions, Plaintiffs are entitled to an award of actual damages or $500.00, whichever is greater, for each such violation pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Defendant's violations of the TCPA were committed knowingly and willfully. As such, Plaintiffs request this court treble damages to $1,500.00 for each such violation pursuant to 47 U.S.C. § 227(b)(3)(C).

## COUNT II: TELEPHONE CONSUMER PROTECTION ACT – IMPROPER USE OF ARTIFICIAL OR PRERECORDED VOICE

56. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

57. Defendant made or initiated calls to Plaintiff GILES' cellular telephone number in which it played an artificial and/or prerecorded voice message and stated the name of an alleged consumer "Alfredo Martinez," an individual unrelated to Plaintiff GILES and with whom Plaintiff GILES does not know.

58. Defendant made or initiated calls to Plaintiff LUSTER's cellular telephone number in which it played an artificial and/or prerecorded voice message and stated the name of an alleged consumer "James Holmes," an individual unrelated to Plaintiff LUSTER and with whom Plaintiff LUSTER does not know.

59. Defendant's artificial and prerecorded message violations of the TCPA include, but are not limited to, making and/or initiating telephone calls using an artificial or prerecorded voice to a telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

60. As a result of Defendant's actions, and/or those acting on its behalf, Plaintiffs are entitled to an award of actual damages or $500.00, whichever is greater, for each such violation pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Defendant's violations of the TCPA were committed knowingly and willfully. As such, Plaintiffs request the court treble damages to $1,500.00 for each such violation pursuant to 47 U.S.C. § 227(b)(3)(C).

### COUNT III:   ATTORNEY'S FEES AND EXPENSES OF LITIGATION

62. Defendant has acted in bad faith, been stubbornly litigious and caused the Plaintiffs unnecessary trouble and expense; therefore, Plaintiffs request an award of the expenses of litigation, including a reasonable attorney's fee pursuant to O.C.G.A. § 13-6-11.

### JURY TRIAL DEMAND

63. Plaintiffs hereby demand a trial by jury on all issues so triable.

### DOCUMENT PRESERVATION DEMAND

64. Plaintiffs hereby demands that the Defendant take affirmative steps to preserve all recordings, data, emails, phone records, dialer records,

documents and all other tangible things that relate to the allegations herein, Plaintiffs, or the making or initiation of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with Plaintiffs, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party who has possession, custody or control of any such materials, Plaintiffs demand that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant, as follows:

A. Compensatory damages in the liquidated amount provided by 47 U.S.C. § 227(B)(3)(B);

B. Treble damages pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Injunctive relief preventing future conduct by Defendant in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A);

D. Attorney's fees and expenses of litigation of this suit pursuant to

O.C.G.A. § 13-6-11;

E.  Such further and additional relief as the Court deems just and proper.

Respectfully submitted,

       SKAAR & FEAGLE, LLP

     By:  /s/ Cliff Dorsen
        Cliff R. Dorsen
        Georgia Bar No. 149254
        cdorsen@skaarandfeagle.com
        James M. Feagle
        Georgia Bar No. 256916
        jfeagle@skaarandfeagle.com
        2374 Main Street, Suite B
        Tucker, GA 30084
        404 / 373-1970
        404 / 601-1855 fax

        Kris Skaar
        Georgia Bar No. 649610
        kskaar@skaarandfeagle.com
        Justin T. Holcombe
        Georgia Bar No. 552100
        jholcombe@skaarandfeagle.com
        133 Mirramont Lake Drive
        Woodstock, GA 30189
        770 / 427-5600
        404 / 601-1855 fax

        ATTORNEYS FOR PLAINTIFFS

FILED IN THIS OFFICE
THIS 15 DAY OF Dec 20 15
[signature]
Clerk, State Court, DeKalb County

## General Civil Case Filing Information Form (Non-Domestic)

**Court**  County DeKalb         Date Filed 12-24-2015
☐ Superior                                        MM-DD-YYYY
☒ State   Docket # _____

**Plaintiff(s)**

GILES     JAMES
Last      First      Middle I.   Suffix Prefix   Maiden

LUSTER    FREDERICK
Last      First      Middle I.   Suffix Prefix   Maiden

Last      First      Middle I.   Suffix Prefix   Maiden

Last      First      Middle I.   Suffix Prefix   Maiden

**Defendant(s)**

DISH  NETWORK,  LLC
Last      First      Middle I.   Suffix Prefix   Maiden

Last      First      Middle I.   Suffix Prefix   Maiden

Last      First      Middle I.   Suffix Prefix   Maiden

Last      First      Middle I.   Suffix Prefix   Maiden

**No. of Plaintiffs** 2         **No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

Feagle    James     M
Last      First     Middle I.   Suffix

**Bar #** 256916

### Check Primary Type (Check only ONE)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Presonal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgement Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☐ Tort (If tort, fill in right column)
☒ Other General Civil Specify Violations of Telephone Consumer Protection Act "TCPA"

### If Tort is Case Type:
(Check no more than TWO)

☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other Specify _____

**Are Punitive Damages Pleaded?**  ☐ Yes  ☐ No

☒ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

FILED IN THIS OFFICE
THIS 24 DAY OF Dec. 2015

Clerk, State Court, DeKalb County